UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID L. NEWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00618-JPH-MPB |
| | ) | |
| ROBERT E. CARTER, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING THE COMPLAINT**

David Newson is a prisoner at Westville Correctional Facility. He brings

this lawsuit alleging violations of his constitutional rights when he was confined

to Pendleton Correctional Facility. Because he is a prisoner, the Court has an

obligation to screen his complaint before directing service on the defendants. For

the reasons explained below, Mr. Newson's complaint is **dismissed for failure**

**to state a claim upon which relief may be granted**. Mr. Newson may avoid

dismissal of the action by filing an amended complaint within **21 days of the**

**issuance of this Order**.

**I. SCREENING STANDARD**

The court must dismiss the complaint, or any portion of the complaint, if

it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(c).

The court applies the same standard for a motion to dismiss under Federal Rule

of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

The complaint "must contain sufficient factual matter, accepted as true, to state

a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. THE COMPLAINT

The complaint names the following defendants: Commissioner Robert Carter, Warden Dennis Reagal, Mr. Watson, Lieutenant Rinehart, Lieutenant Howard, Mr. King, Mr. Tias, Centurion Medical Provider, and the Indiana Department of Correction. Mr. Newson seeks compensatory and punitive damages and injunctive and declaratory relief.

The complaint makes the following allegations. Mr. Newson injured his neck, back, and shoulders while he was exercising at Pendleton Correctional Facility. A cable that was attached to his exercise machine snapped and struck him in the neck, shoulder, and back. Since that time, he has been denied physical therapy and outside medical treatment; prison officials have forced him to use the stairs; and prison officials have refused to deliver his meals to his cell.

## III. DISCUSSION

Mr. Newson's claims against the Indiana Department of Correction are **dismissed** because claims against a state agency are barred by the Eleventh Amendment. *Joseph v. Board of Regents of University of Wisconsin System,*

432 F.3d 746, 748 (7th Cir. 2005); *Nuñez v. Indiana Dep't of Child Services*, 817 F.3d 1042, 1044 (7th Cir. 2016).

Mr. Newson's claims against Centurion are **dismissed** for failure to state a claim upon which relief may be granted. Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (internal citations omitted).

The complaint does not identify an action taken by Centurion that caused Mr. Newson to suffer a constitutional violation. There are no facts that plausibly suggest that a policy or widespread practice of Centurion caused his alleged injuries. *See Monell*, 436 U.S. at 690–92. Mr. Newson alleges that he was injured, without supplying any facts from which to infer that the corporate medical provider has a policy, pattern, or practice of this conduct. *See McCauley v. City of Chicago*, 671 F.3d 611, 616–18 (7th Cir. 2011). Although the complaint summarily refers to "policies, practices, and customs," this is just the recitation of "a legal conclusion, which is insufficient to state a plausible claim." *Shachter*

*v. City of Chicago*, 848 F. App'x 208, 210 (7th Cir. 2021) (affirming dismissal of *Monell* claim and citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009); *McCauley*, 671 F.3d at 616 (conclusory allegations not entitled to same presumption of truth as well-pleaded facts)).

The claims against Commissioner Carter and Warden Reagle are **dismissed** because the complaint does not raise a reasonable inference that these supervisory officials were personally involved in maintaining the exercise equipment at Pendleton Correctional Facility, evaluating Mr. Newson for medical treatment, or deciding whether Mr. Newson could receive his meals in his cell. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (cleaned up). Supervisory liability under § 1983 requires that the defendant have actually engaged with the underlying issue or that the underlying issue is the direct responsibility of the individual in question, rather than one for their subordinates. *E.g.*, *Haywood v. Hathaway*, 842 F.3d 1026, 1032-33 (7th Cir. 2016); *Gray v. Hardy*, 826 F.3d 1000, 10008 (7th Cir. 2016). The complaint's blanket statement that Commissioner Carter and Warden Reagle are charged with "making sure that incarcerated offenders' basic human needs are being met" fails to meet this standard. Dkt. 2, pp. 4-5.

Similarly, the claims against Lieutenant Rinehart and Lieutenant Howard are **dismissed**. The complaint does not allege that these defendants were responsible for evaluating Mr. Newson's medical care, maintaining exercise equipment, or deciding whether Mr. Newson received meals in his cell. The

complaint's blanket statement that Lieutenant Rinehart and Lieutenant Howard are tasked with making sure that their "employees are running operations in the prison safe and productive for prison staff and incarcerated individuals" fails to meet this standard. *Id.* at 6.

Mr. Howard's claims against Mr. King and Mr. Tias, who were part of the recreation staff at Pendleton Correctional Facility, are **dismissed** because the complaint does not create a reasonable inference that these individuals were deliberately indifferent to Mr. Newson's safety. "Prisons are not required to provide a maximally safe environment, but they must address easily preventable, observed hazards that pose a significant risk of severe harm to inmates." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016) (cleaned up). Negligence is not enough; a plaintiff must show that the defendant was deliberately indifferent to a known risk of serious harm. *Id.*; *see Wilson v. Adams*, 901 F.3d 816, 820 (7th Cir. 2018) ("An official is deliberately indifferent when he disregards a known condition that poses an excessive risk to inmate health or safety." (cleaned up)). The complaint alleges that Mr. King and Mr. Tias "were indifferent to repair, update and maintain safe exercise equipment at Pendleton Correctional Facility." *Id.* at 13. This may state a claim for negligence, but it does not create a reasonable inference that Mr. King and Mr. Tias knew that the exercise equipment presented a substantial risk of serious harm to Mr. Newson's safety and failed to make reasonable efforts to protect Mr. Newson from that risk. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994).

Because Mr. Newson's Eighth Amendment claims have been dismissed, his supplemental state law claims are **dismissed without prejudice**.

### IV. OPPORTUNITY TO AMEND

The dismissal of the complaint will not, at this time, lead to dismissal of the action. Mr. Newson has **21 days from the issuance of this Order** to file an amended complaint. Failure to meet this deadline will result in dismissal of the action without further warning.

The amended complaint will completely replace the original and must include every defendant, factual allegation, and legal claim Mr. Newson wishes to pursue in this action. It must include the words "Amended Complaint" and the proper case number, "1:22-cv-618-JPH-MPB" on the first page.

The **clerk is directed** to send Mr. Newson a civil rights complaint form with this copy of this Order. Mr. Newson should use this form if he chooses to file an amended complaint.

**SO ORDERED**.

Date: 8/9/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID L. NEWSON
914340
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only